UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KEVIN BONHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:23-cv-180 |
| | ) |
| INDIANA TUBE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Kevin Bonham ("Bonham"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Indiana Tube Corporation ("ITC"), pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA")

**PARTIES**

2. At all times relevant, Plaintiff resides in, and is a citizen of, the State of Indiana, City of Evansville.

3. Defendant, Indiana Tube Corporation is a corporation that maintains facilities and conducts business within the geographical boundaries of the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§12117, 12112.

5. At all times relevant, Plaintiff was an "employee" within the meaning of 42 U.S.C.§ 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

## FACTUAL ALLEGATIONS

8. The Plaintiff, Kevin Bonham, is and has been at all times herein a qualified individual with a disability subject to protection under the Americans with Disabilities Act ("ADA").

9. Specifically, Bonham has kidney disease and had a radical nephrectomy due to cancer to remove one of his kidneys. Bonham's single kidney and reduced renal function substantially limit major life activities because they affect his strength, endurance and cognitive function when engaging in any prolonged activity.

10. Bonham was hired by the Defendant, Indiana Tube Corporation ("ITC"), in November of 2000 and worked as a Mill Technician.

11. Defendant "ITC" is a manufacturer of welded steel tubing located in Evansville, Indiana. On information and belief, ITC is owned by Steel Partners Holdings, LP.

12. Bonham had his radical nephrectomy while employed by ITC, and for a period of years thereafter, Bonham worked mandatory overtime required by ITC against doctor's orders. On multiple occasions, Bonham was hospitalized for renal failure after working overtime shifts at ITC.

13. Due to his condition, Bonham suffered significant problems when working overtime shifts at ITC, including physical pain, weakness and reduced cognitive function.

14. Beginning in 2016, Bonham requested accommodations from ITC, asking that he not be required to work mandatory overtime. ITC initially accommodated this request, but required Bonham to use intermittent unpaid leave under the FMLA in lieu of the overtime hours Bonham would otherwise have been required to work.

15. After Bonham exhausted his FMLA in 2022, ITC again told him that he would need to resume working overtime. Bonham renewed his request for accommodation, advising ITC that he was unable to work overtime due to his condition. Bonham's doctors repeatedly provided ITC with documentation of his condition, including a restriction on working overtime. Among other things, the documentation stated that Bonham could be a danger to himself or others if he worked overtime.

16. ITC denied the request for accommodation and told Bonham he would be terminated if he did not work overtime. Bonham advised ITC that he could not work overtime and he was subsequently terminated on or about April 1, 2022.

17. Bonham's request for accommodation was reasonable, as evidenced by the fact that ITC previously excused Bonham from working overtime while using FMLA.

18. ITC did not engage in the interactive process with Bonham, failed to grant reasonable accommodation to Bonham for his disability, and has further discriminated against him in terms and conditions of employment on account of his disability, history of disability, and/or because it regarded him as disabled.

19. Plaintiff has been damaged by the conduct set forth herein.

20. At all relevant times, Plaintiff's work performance met or exceeded the Defendant's expectations.

21. Defendant has taken an adverse employment action against the Plaintiff because of disability, record of disability, or the Defendant's regarded for him as having a disability.

22. Defendant has violated Plaintiff's rights as protected by the Americans with Disabilities Act, as amended.

23. Plaintiff has suffered damages, including significant emotional distress, as a result of the Defendant's unlawful conduct. Plaintiff requests that Defendant compensate him for his damages, including paying compensatory and punitive damages, as well as paying costs and attorney fees incurred in this matter.

## COUNT I

## DISABILITY DISCRIMINATION -ADA

24. Plaintiff hereby incorporates paragraphs 1-23 of his Complaint.

25 Plaintiff requested a reasonable accommodation from Defendant.

26. Defendant took adverse employment actions against Plaintiff due to his request for a reasonable accommodation and/or based on his disability, record of a disability, and/or a perception of her being disabled.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

28. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT II

## DISABILITY RETALIATION - ADA

29. Plaintiff hereby incorporates paragraphs 1-28 of his Complaint.

30. Plaintiff requested a reasonable accommodation from Defendant. Plaintiff's request for a reasonable accommodation constitutes protected conduct under the ADA.

31. Defendant took adverse employment actions against Plaintiff in retaliation for his engagement in protected conduct.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

33. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kevin Bonham, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4.  Defendant pay pre- and post-judgment interest to Plaintiff;

5.  Defendant pay Plaintiff's attorneys' fees and costs incurred in this action; and

6.  Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*/s/ Chad M. Buell*
John H. Haskin (7576-49)
Chad M. Buell  (20044-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Kevin Bonham, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin (7576-49)
Chad M. Buell  (20044-49)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com